IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LISA L. MONROE,
        Plaintiff,

v.                                                Civil Action No. 3:20-cv-297

WELLS FARGO BANK, N.A., et al.,
        Defendants.

## OPINION

Lisa L. Monroe filed this case against Wells Fargo Bank, N.A. ("Wells Fargo"), Federal National Mortgage Association ("Fannie Mae"), and Samuel I. White, P.C. ("SIWPC"), in the Richmond City Circuit Court, alleging various fraud and contract claims. Pursuant to 28 U.S.C. § 1332, Wells Fargo and Fannie Mae ("the defendants") removed the case to this Court. The defendants have moved now to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Monroe's complaint fails to state any cognizable claim for relief, the Court will dismiss this case with prejudice.

## I. BACKGROUND

Fannie Mae holds the mortgage on Lisa and Michael Monroe's house.[1] Wells Fargo services the loan, and SIWPC serves as trustee on the Monroes' deed of trust.

SIWPC advertised a foreclosure sale on the Monroes' property to take place on September 12, 2017. The day before the scheduled sale, Lisa Monroe called Wells Fargo and spoke with a

---

[1] Through a complicated series of transactions, Fannie Mae acquired Monroe's mortgage note from the original lender, and Wells Fargo and SIWPC became Fannie Mae's agents in collecting the loan.

representative.[2] (Dk. No. 1-1, ¶ 19.) According to Monroe, the representative assured her that Wells Fargo had put the foreclosure sale of her home "on hold." (Dk. No. 1-1, ¶ 20.) Monroe trusted the representative's statement and did not retain legal counsel to stop the foreclosure. It turns out, however, that the representative had misrepresented the status of the foreclosure sale. SIWPC held the sale as scheduled the next day.

The plaintiff asserts claims for actual and constructive fraud against Wells Fargo, breach of contract against Fannie Mae, and tortious interference with contract against SIWPC.

## II. **LEGAL STANDARD**

The defendants have moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a facially plausible claim to relief. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

---

[2] In a typographical error, the complaint lists the sale date as September 12, 2019. (Dk. No. 1-1, ¶ 14.) The sale occurred on September 12, 2017.

2

Courts hold fraud claims to a heightened pleading standard. *See* Fed. R. Civ. P. 9(b). In "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud," *id.*, by alleging with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590 (2d ed. 1990)).

The defendants properly removed this case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441(a). Because the plaintiff originally filed this case in a Virginia Circuit Court and seeks relief under Virginia law, this Court will apply Virginia law in this case. *United States v. Little*, 52 F.3d 495, 498 (4th Cir.1995) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

## II. DISCUSSION

Monroe's complaint presents her claims in the following order: Count One (actual fraud against Wells Fargo), Count Two (constructive fraud against Wells Fargo), Count Three (breach of contract against Fannie Mae), and Count Four (tortious interference with contract against SIWPC). For clarity of analysis, the Court will address Monroe's claims in the reverse order.

### A. Tortious Interference

In Count Four, Monroe asserts that because Wells Fargo invalidly appointed SIWPC as substitute trustee, SIWPC tortiously interfered with the deed of trust for the property by executing the foreclosure sale. The Court addressed this claim in its Memorandum Order denying the plaintiff's motion to remand. (Dk. No. 9.) For all the reasons discussed in its Memorandum Order, the Court finds that Wells Fargo validly appointed SIWPC as substitute trustee. Thus, as an agent for Fannie Mae and Well Fargo, SIWPC could not tortiously interfere with the contract of its

principals. Accordingly, the Court will grant the defendants' motion as to Monroe's claim for tortious interference with contract.

### *B. Breach of Contract*

In Count Three, Monroe contends that Fannie Mae violated the terms of the deed of trust by allowing SIWPC to conduct the foreclosure sale. Monroe bases this claim upon the assertion that Wells Fargo invalidly appointed SIWPC as substitute trustee. The Court has already found, however, that Wells Fargo validly appointed SIWCP. Thus, Fannie Mae's decision to allow SIWPC to conduct the foreclosure sale fell within the terms of the deed of trust. Consequently, this Court will grant the defendants' motion as to Monroe's claim for breach of contract against Fannie Mae.

### *C. Fraud Claims*

In Counts One and Two, Monroe asserts claims for actual and constructive fraud against Wells Fargo. To prove both actual and constructive fraud, Monroe must show detrimental reliance. *See Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 367-69, 585 S.E.2d 578, 581-82 (2003). Monroe says that she relied on the Wells Fargo representative's assurance when she decided not to retain a lawyer to stop the scheduled foreclosure. According to Monroe, a lawyer could have stopped the foreclosure sale by alleging the invalidity of SIWPC's appointment.[3] Because the Court finds SIWPC's appointment valid and because Monroe offers no other reason why a lawyer could have stopped the foreclosure sale, Monroe alleges no facts that show she detrimentally relied on the Wells Fargo representative's assurance. *See Cagle v. CitiMortgage, Inc.*, No. 3:13-cv-807-

---

[3] Although Monroe's complaint suggests a lawyer would have found other reasons to stop the foreclosure, she does not provide these other reasons. (Dk. No. 1-1, ¶ 24 ("[A] lawyer . . . would have been able to stop the foreclosure and probably would have done so by reasons including but not limited to" the invalidity of SIWPC's appointment.).) A court cannot find facial plausibility among unarticulated reasons.

4

MHL, 2015 WL 2063990 (E.D. Va. May 1, 2015) (explaining that the plaintiff's fraud claims failed for lack of detrimental reliance when the two bases the plaintiff offered to challenge a foreclosure sale would not have prevented the sale). Accordingly, the Court will grant the defendants' motion as to Monroe's fraud claims against Wells Fargo.

### III. CONCLUSION

Because Monroe has failed to state any plausible claim for relief, the Court will dismiss this case with prejudice.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 17 September 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge